Jesse Cowell, OSB # 082940
Chris Roy, OSB # 031777
R. Darrin Class, OSB # 970101
Roy Law Group
1000 SW Broadway, Suite 900
Portland, OR 97205
PH: 503.206.4313
jesse@roylawgroup.com
chris@roylawgroup.com
darrin@roylawgroup.com
Attorneys for Plaintiff, Jennifer Dickson

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JENNIFER DICKSON, | Case No. |
| Plaintiff, | |
| v. | COMPLAINT FOR LONG-TERM DISABILITY INSURANCE BENEFITS |
| UNITED OF OMAHA LIFE INSURANCE COMPANY, | (Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B)) |
| Defendant. | |

COMES NOW Plaintiff, Jennifer Dickson, with a complaint for long-term disability insurance benefits, and alleges against Defendant, United of Omaha Life Insurance Company:

Page 1 – COMPLAINT OF PLAINTIFF JENNIFER DICKSON

## I.   CAUSE OF ACTION

1.1

This action is brought on behalf of Plaintiff, pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Plaintiff seeks to recover from Defendant all unpaid long-term disability ("LTD") benefits, through the date of judgment, pursuant to the terms of a long-term disability policy ("LTD Plan") provided by TallTree Administrators DBA MCA Administrators and TALLTree Administrators ("TallTree") pursuant to 29 U.S.C. § 1132(a)(1)(B). Plaintiff seeks this remedy, prejudgment and post-judgment interest, plus her costs and reasonable attorney fees, pursuant to 29 U.S.C. § 1132(e)(1), (f), and (g).

## II.   IDENTIFICATION OF PLAINTIFF

2.1

At all times material herein, Plaintiff was a resident of Jackson County, Oregon.

2.2

TallTree employed Plaintiff and offered the LTD Plan to its employees pursuant to ERISA, 29 U.S.C. § 1002(1).

2.3

Plaintiff was a participant under the LTD Plan.

/

/

Page 2 – COMPLAINT OF PLAINTIFF JENNIFER DICKSON

### III.  IDENTIFICATION OF DEFENDANT

3.1

At all times material herein, TallTree was the sponsor and plan administrator of the LTD Plan pursuant to ERISA, 29 U.S.C. § 1002(16)(B).

3.2

TallTree delegated sole discretion to make disability determinations under the LTD Plan to Defendant.

3.3

At all times material herein, Defendant was the claims administrator of the LTD Plan, within the meaning of ERISA, 29 U.S.C. § 1002(16)(A).

3.4

The LTD Plan was fully insured by Defendant, who is wholly responsible for any judgment Plaintiff may obtain through this action for LTD benefits.

### IV.  JURISDICTION AND VENUE

4.1

Jurisdiction is conferred on this court by ERISA, 29 U.S.C. § 1132(e)(1), (f), and (g), which gives the United States district courts jurisdiction to hear civil actions brought to recover plan benefits, as well as other declarative relief and attorney fees and costs.

4.2

Venue is proper in this district court pursuant to ERISA, 29 U.S.C. § 1132(e)(2), and pursuant to 28 U.S.C. § 1391 and LR 3-3(a).

## V. STANDARD OF REVIEW

5.1

Defendant's denial of Plaintiff's LTD benefits is reviewed by this court *de novo*.

## VI. FACTS SUPPORTING CLAIM

6.1

On or about May 3, 2017, Plaintiff became disabled from her job as a Director of Reporting at TallTree due to diagnosed conditions including fibromyalgia, a rotator cuff tear, sacrococcygeal disorders, chronic pain syndrome, post-traumatic stress disorder, and major depressive disorder.

6.2

Following a benefit waiting period, Defendant awarded LTD benefits to Plaintiff from August 2, 2017 through May 15, 2019.

6.3

On May 15, 2019, Defendant issued a letter to Plaintiff, stating that her LTD benefits would not be paid beyond May 15, 2019 ("Denial").

6.4

On November 11, 2019, Plaintiff submitted a timely appeal of the Denial to Defendant, containing evidence supporting Plaintiff's ongoing disability ("Appeal"). Plaintiff supplemented the Appeal with additional medical records and a letter on December 13, 2019.

/

6.5

On January 21, 2020, Defendant provided Plaintiff with a copy of a physician's consultant report and invited Plaintiff to provide a written response to that report, along with any supporting documentation. Plaintiff provided a timely written response, along with additional medical records, on January 31, 2020, in which Plaintiff provided further support for her ongoing disability.

6.6

On March 10, 2020, Defendant provided plaintiff with a copy of additional physician consultant reports, inviting Plaintiff to provide another written response, along with any supporting documentation.

6.7

On March 18, 2020, Plaintiff sent a letter to Defendant, requesting a special 90-day extension in order to provide a written response and supporting documentation in reply to Defendant's new physician consultant reports ("Extension Request"). Plaintiff explained that she intended to undergo a functional capacity evaluation ("FCE") and provide that FCE report to Defendant, as objective proof responsive to the new physician consultant reports. Plaintiff explained that a 90-day extension was prudent and warranted in light of the COVID-19 pandemic and resultant difficulties she would encounter in scheduling an in-person FCE.

6.8

On March 24, 2020, Plaintiff sent another letter to Defendant, noting her repeated attempts to contact Defendant regarding the Extension Request. Plaintiff

explained that Defendant had not responded to the Extension Request in any form, despite Defendant's original due date for her response being set at March 24, 2020. Plaintiff also stated her belief that, considering the COVID-19 pandemic circumstances, a failure to allow a reasonable extension to obtain an FCE would violate her right to a full and fair review under ERISA.

6.9

On March 25, 2020, Defendant issued a letter to Plaintiff denying the Appeal ("Appeal Denial"). In regard to the Extension Request, the Appeal Denial alleged that a 90-day extension would not be warranted, notwithstanding the lack of an FCE in the claim file, because Defendant reasoned that "the planned documentation to be provided would be a duplication of the information already in the file."

6.10

On January 12, 2021, Plaintiff submitted a request for reconsideration to Defendant ("Reconsideration Request"). Along with a narrative letter, the Reconsideration Request was comprised of several exhibits, including a Physical Capacity Evaluation ("PCE") report from Plaintiff's July 15, 2020 PCE. Among other findings, the PCE report stated that Plaintiff's testing was valid and that her projected sitting tolerance, due to her physical conditions, was no more than 1 hour in an 8-hour workday.

6.11

On January 20, 2021, Defendant acknowledged receipt of the Reconsideration Request but refused to conduct any further review of Plaintiff's LTD claim.

6.12

Plaintiff has complied with all contractual requirements of the LTD Plan, including but not limited to administrative remedies exhaustion and the submission of sufficient medical proof of her disabling conditions.

6.13

Defendant wrongfully denied Plaintiff's claim for benefits.

6.14

The wrongful denial of Plaintiff's claim for LTD benefits was and still is violation of ERISA, 29 U.S.C. § 1132(a)(1)(B). Moreover, Defendant's failure to grant the Extension Request during the COVID-19 National Emergency and Outbreak Period is a violation of ERISA, 29 U.S.C § 1148, and the regulations promulgated thereunder. 85 FR 26351, 26352–55.

6.15

As a direct and proximate result of Defendant's wrongful denial of Plaintiff's LTD benefits, Plaintiff has been damaged in the amount of each unpaid monthly benefit payment from May 16, 2019 through the date of judgment.

6.16

As a direct and proximate result of Defendant's wrongful denial of Plaintiff's LTD benefits, Plaintiff has been damaged by the withholding of all other benefits to which she is entitled under the LTD Plan, including, but not limited to, any additional treatment and therapy benefits.

/

6.17

As a direct and proximate result of Defendant's wrongful denial of LTD benefits, Plaintiff is entitled to recover prejudgment interest, which is accruing on each unpaid monthly benefit payment from May 16, 2019 through the date of judgment.

6.18

As a direct and proximate result of Defendant's wrongful denial of LTD benefits, Plaintiff has incurred attorney fees and costs that are recoverable pursuant to ERISA, 29 U.S.C. § 1132(g)(1).

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

A.  For gross unpaid monthly LTD benefit payments from May 16, 2019 through the date of judgment, pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B);

B.  For a declaration that Defendant breached its fiduciary duty to Plaintiff by wrongfully denying Plaintiff's LTD claim, and estopping Defendant from continuing to deny Plaintiff's LTD claim;

C.  For a declaration clarifying Plaintiff's rights under the LTD Plan, holding that absent a material improvement in her medical condition such that Plaintiff is no longer deemed Disabled under the LTD Plan, Plaintiff is entitled to receive her full monthly benefit under the LTD Plan for its remaining term;

D.  For Plaintiff's attorney fees and costs pursuant to ERISA, 29 U.S.C. § 1132(g)(1);

E.  For prejudgment and post-judgment interest; and

F.      For such further relief as the court deems just and equitable.

DATED this 18th day of February, 2021.

                                              *s/ Jesse Cowell*
                                              Jesse Cowell, OSB # 082940
                                              Roy Law Group
                                              1000 SW Broadway Suite 900
                                              Portland, OR 97205
                                              PH:   503.206.4313
                                              FAX:  855.344.1726
                                              jesse@roylawgroup.com

Page 9 – COMPLAINT OF PLAINTIFF JENNIFER DICKSON